IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZAK SHAIK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-01939-E-BT |
| | § | |
| LAUNCH WISE LLC, et al., | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

The District Judge referred this pro se civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the reasons explained below, Plaintiff's case should be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Plaintiff, proceeding pro se, filed his complaint on July 29, 2024. *See* Compl. (ECF No. 3). The Court initially required Plaintiff to cure deficiencies concerning the identities and addresses of the defendants. *See* Order (ECF Nos. 6, 8, 10). After Plaintiff submitted additional responses, the Court ordered, on October 15, 2025, that the Clerk issue summonses and directed the U.S. Marshals Service to serve the complaint and summonses on the defendants without prepayment of fees. Order (ECF No. 12). The Marshals Service completed service on April 15, 2026, and returns of service were entered on April 21, 2026, as to Launch Wise LLC, Adrian Morrison, Cory Keller, and Brittain Matthews. *See* ECF No. 15.

Since service was completed, Plaintiff has taken no apparent action to prosecute this case. Although the docket contains no answer or responsive pleading, Plaintiff has not moved for entry of default or made any other substantive filing addressing the status or prosecution of the action. Thus, although service has been accomplished, Plaintiff has taken no apparent steps since service to advance his claims or otherwise seek relief.

Plaintiff is proceeding in this action in forma pauperis (IFP). The Court recognizes that the federal IFP statute, 28 U.S.C. § 1915, is intended to provide indigent litigants meaningful access to the federal courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948). Proceeding IFP, however, does not make the Court Plaintiff's agent, attorney, or litigation administrator. Although the Court may provide procedural assistance to an IFP litigant, including by facilitating service through the U.S. Marshals Service, the responsibility for prosecuting the action remains with the litigant. *See Birl v. Estelle*, 660 F.2d 592 (5th Cir. 1981) ("One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer[.]"). Likewise, pro se status does not relieve a party of the obligation to comply with procedural requirements and diligently prosecute his claims. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action sua sponte when a plaintiff fails to prosecute or comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630–31); *see Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam).

Here, Plaintiff has not taken any affirmative procedural step to prosecute this action since service was completed in April 2026. The record therefore reflects not merely the absence of a particular filing, but a complete lack of apparent activity by Plaintiff following service. The Court cannot assume the role of Plaintiff's advocate by identifying and pursuing the procedural steps necessary to move his claims forward. On this record, dismissal without prejudice for failure to prosecute is warranted. *See* Fed. R. Civ. P. 41(b); *see Boudwin*, 756 F.2d at 401 ("Although … [Rule 41(b)] speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss sua sponte, with or without notice to the parties.").

## Recommendation

For the foregoing reasons, the District Judge should **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

**SO ORDERED**.

September 21, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).